UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DANIEL FOSTER AND VICTORIA FOSTER,

    Plaintiffs,

v.

LIBERTY MUTUAL FIRE INSURANCE COMPANY,

    Defendant.

No. 2:18-CV-00485-KJM-CKD

ORDER

Plaintiffs Daniel and Victoria Foster sue Liberty Mutual Fire Insurance Company under state law for unlawful claim-handling practices, breach of contract and breach of the implied covenant of good faith and fair dealing. Compl., ECF No. 1. Defendant moves to dismiss all claims as time-barred. Mot., ECF No. 7; Def.'s Mem., ECF No. 7-1. Plaintiffs oppose. Opp'n, ECF No. 9. Defendant replied. Reply, ECF No. 11. The court heard the motion on May 31, 2018. *See* H'rg Mins., ECF No. 16. As explained below, defendant's motion is DENIED.

I.    BACKGROUND

For purposes of this motion, the court assumes the following allegations are true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Plaintiffs' complaint arises from

1

water damage to a bathroom at their former residential property in Elk Grove, California. Compl. ¶¶ 3, 11. Plaintiffs leased the property to tenants in July 2013. *Id.* ¶ 10. On February 17, 2017, the tenants told plaintiffs about "water intrusion" on the property. *Id.* ¶ 11. The following Monday, February 20, 2017, plaintiffs filed a water damage insurance claim with defendant, which defendant investigated and denied on March 3, 2017, finding although water damage had in fact occurred, this type of water damage exceeded the policy. *Id.* ¶ 12; Denial Letter (Compl. Ex. B, ECF No. 1-2) at 2-3 (conceding investigation "revealed continuous or repeated seepage or leakage of water or steam over a period of time"). The denial letter pointed to the policy's "Suit Against Us" provision, which states all legal actions must be brought "within one year after the loss." Denial Letter at 3; Policy (Compl. Ex. A, ECF No. 1-1) at 22. In response, plaintiffs hired a third-party consultant who assessed the damage and found it "reasonable to conclude" it resulted from "wind driven rain storms of February 2017," meaning the loss should be covered by plaintiffs' insurance policy. Compl. ¶ 15; Consultant's Report (Compl. Ex. C, ECF No. 1-3) at 4. At hearing, plaintiffs' counsel stated that after receiving the consultant's report, plaintiffs continued to communicate with defendant about insurance coverage for months without any progress.

After defendant refused to reconsider its denial of plaintiffs' insurance claim, plaintiffs filed this lawsuit on March 5, 2018. Defendant now moves to dismiss, arguing the entire action is time-barred by the one-year contractual limitation. Mot. at 1. Defendant argues that even with equitable tolling, the limitations period expired on February 28, 2018. Def.'s Mem. at 8–9. In opposition, plaintiffs argue the limitations period lapsed only on the day they filed this lawsuit, meaning their filing is timely. Opp'n at 2–3.

II. LEGAL STANDARD

A party may move to dismiss a complaint against it for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The motion may be granted only if the movant can show the complaint lacks a "cognizable legal theory" or if its factual allegations do not support a cognizable legal theory. *Hartmann v. Cal. Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1122 (9th Cir. 2013). Determining whether a complaint will survive a motion to dismiss is

a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. The court must construe the complaint in a light most favorable to a plaintiff and accept as true its factual allegations. *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007).

Here, as noted, defendant alleges plaintiffs' complaint must be dismissed because it is time-barred by contractual limitations. Mot. at 1; Def.'s Mem. at 8–9. A claim may be subject to dismissal if allegations show it is barred by contractual or statutory limitations. *See Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1206 (9th Cir. 1995). The burden lies with the defense to show "beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim." *Id.* (citation omitted). Both parties agree that state law determines the timeliness of plaintiffs' claims. Def.'s Mem. at 8; Opp'n at 2–3; *see also Campanelli v. Allstate Life Ins. Co.*, 322 F.3d 1086, 1093-94 (9th Cir. 2003) (using California law to interpret contractual time limitations); *Cervantes v. City of San Diego*, 5 F.3d 1273, 1275 (9th Cir. 1993) (relying on California law for statutory time limitations and equitable tolling).

III. ANALYSIS

Whether plaintiffs' claims are time barred depends on the limitations period and when it began, as well as what equitable tolling principles apply.

A. Limitations Period Start Date

The parties agree the applicable limitations period is one year. Opp'n at 3; Reply at 6. Specifically, California law mandates that "[no] suit or action on [an insurance policy] for the recovery of any claim shall be sustainable in any court of law or equity . . . unless commenced within 12 months next after inception of the loss." Cal. Ins. Code § 2071; *Campanelli*, 322 F.3d at 1093. The one-year clock begins on the date of "inception of the loss," that is the date "appreciable damage" is discovered or reasonably should have been discovered but not necessarily when the "physical event causing the loss occurred." *Prudential-LMI Com. Ins. v. Superior Court*, 51 Cal. 3d 674, 681, 686, *as modified* (Dec. 13, 1990); *Aceves v. Allstate Ins. Co.*, 68 F.3d 1160, 1164 (9th Cir. 1995) (holding that *Prudential* is controlling). This allowable

3

time lapse between the physical event and reasonable discovery is known as the "delayed discovery rule." *Prudential*, 51 Cal. 3d at 687.

Here, the parties agree February 17, 2017, is the date plaintiffs reasonably could have discovered the water damage, even though the damage may have occurred earlier. Def.'s Mem. at 5; Opp'n at 2; *see also* Compl. ¶ 11. In opposition, plaintiffs also argue the delayed discovery rule extends the loss date to March 16, 2017, when their consultant submitted a report on the water damage. Opp'n at 3–4. The court disagrees. The loss date is triggered when the loss occurs or is reasonably discoverable; it is not delayed until the extent of that loss is revealed. *Campanelli*, 322 F.3d at 1093 ("The inception of the loss occurs when the insured should have known that appreciable damage had occurred, not when the homeowner learned the true extent of the damage.") (citation omitted). Because the complaint itself alleges the water damage was discovered on February 17, 2017, and plaintiffs include no allegations to the contrary, that is the date upon which the one-year clock began to run. *See* Compl. ¶ 11. Plaintiffs also point to March 3, 2017, the date defendant denied their claim, as an alternative loss date. Opp'n at 2. In so doing, plaintiffs confuse the delayed discovery doctrine with equitable tolling, discussed next.

In short, the one-year limitations period was triggered on February 17, 2017.

B. Equitable Tolling

The parties agree the limitations period was tolled for several days while defendant considered plaintiffs' insurance claim, but they disagree on the number of days. Defendant argues that even with tolling, the limitations period ran on February 28, 2018; plaintiffs argue tolling extends the final date to March 3, 2018. Def.'s Mem. at 8–9; Opp'n at 2–4. The parties' dates differ because they derive from different calculation methods: Plaintiffs identify a date exactly one year after defendant denied their claim; defendant adds 11 days to the one-year clock, the number of days it took to review plaintiffs' insurance claim. Opp'n at 2 ("the one year limitation period begins when Foster's claim was denied . . . March 3, 2017"); Def.'s Mem. at 8 ("the limitations period was [] tolled for 11 days while Liberty Mutual Fire investigated the loss and ultimately denied the claim on March 3, 2017").

4

California's equitable tolling doctrine pauses the contractual one-year clock while an insurance company reviews a claim, and restarts the clock only after the claim is denied. *Prudential*, 51 Cal. 3d at 693. The parties agree *Prudential* controls the application of this doctrine, but they disagree on what that means here. Def.'s Mem. at 8–9; Opp'n at 2. As relevant here, the court must determine how to treat the weekend days between the Friday plaintiffs discovered the water damage and the Monday they filed their insurance claim. The policy language informs this determination. *See Prudential*, 51 Cal. 3d at 687-89 (construing insurance policy language regarding reporting a loss, "without unnecessary delay," to help determine timeliness of a complaint). If the policy's loss-reporting directives are not followed, the days between when plaintiffs discovered the loss and when they notified defendant should be subtracted from the limitations period. *See Forman v. Chicago Title Ins. Co.*, 32 Cal. App. 4th 998, 1004 (1995) ("Whatever time the insured delays in notifying the insurance company about his claim will be deducted from the period he will be allowed to file suit after the company denies the claim.") (citing *Prudential*, 51 Cal. 3d at 692). The defense relies on this principle in making its argument. *See* Reply at 7.

Here, the court finds no deduction is warranted because plaintiffs complied with their policy's directive to give "immediate notice" of their claimed loss. *See* Policy at 20. Plaintiffs discovered the loss on a Friday and reported it less than one business day later, on the following Monday. Compl. ¶ 12; Def.'s Mem. at 6. This timeline, when construed as required in a light most favorable to the plaintiffs, reasonably meets the immediacy requirements of the insurance policy. This is particularly so given that plaintiffs did not live at the property: Although it is unclear where plaintiffs lived, the court construes the ambiguity in plaintiffs' favor and presumes plaintiffs had to travel at least some distance to the property to assess the damage before reporting it. Defendant cites no authority to contradict the conclusion that this timeline meets the immediacy requirement; a conclusion consistent with *Prudential*, which involved a much longer delay. *See* Def.'s Mem. at 8–9; *see Prudential*, 51 Cal. 3d at 687, 700 (involving approximately 18-month delay). . Several courts have gone a step further, beginning the one-year clock only once the claim is denied as opposed to using the earlier loss-discovery date. *See,*

5

*e.g.*, *Marselis v. Allstate Ins. Co.*, 121 Cal. App. 4th 122, 126 (2004) (citations omitted). Accordingly, inclusive of tolling, and without deducting the weekend days between the date plaintiffs discovered the loss and the date they reported it, the limitations period here expired on March 3, 2018, a Saturday.

The insurance policy here is silent as to time computation for a limitations period ending on a weekend. Policy at 11–24. Accordingly, federal procedural rules augment the policy to fill this gap. *LeGras v. AETNA Life Ins. Co.*, 786 F.3d 1233, 1236-37 (9th Cir. 2015) (courts have "consistently applied Rule 6" to extend a deadline that "falls on a weekend . . . to the following business day" when interpreting a contractual provision based on a statutory mandate that does not specify how to compute time). Defendants' argument that the federal rule and its state counterpart, California Civil Procedure Code section 12a(a)[1], do not apply a contractual, as opposed to a statutory, limitations period is unavailing. Courts properly treat a contractual limitation of the sort here as statutory where it is mandated by statute. *See* Cal. Ins. Code §§ 2070-2071 (1982) (mandating one-year limitations period for all homeowners' insurance policies); *Campanelli*, 322 F.3d at 1093 (explaining "Section 2071 is not technically a statute of limitations" but nonetheless interpreting it through the lens of this statute); *Lawrence v. W. Mut. Ins. Co.*, 204 Cal. App. 3d 565, 573 (1988) (referring to the one-year suit provision in homeowners' policies as a "legislatively enacted statute of limitations"). Under the federal rules, a civil suit is timely if filed on the next business day when "the last day [of the limitations period] is a Saturday . . . . " Fed. R. Civ. P. 6(a)(1)(C). Because plaintiffs filed this lawsuit on Monday, March 5, 2018, one business day after March 3, 2018, their suit is timely.

---

[1] "If the last day for the performance of any act provided or required by law to be performed within a specified period of time is a holiday, then that period is hereby extended to and including the next day that is not a holiday. For purposes of this section, 'holiday' means all day on Saturdays, all holidays specified in Section 135 and, to the extent provided in Section 12b, all days that by terms of Section 12b are required to be considered as holidays." Cal. Civ. Proc. Code § 12a(a).

6

Plaintiffs' complaint was timely filed on March 5, 2018. Defendant has not shown "beyond doubt" that the undisputed facts could not establish the "timeliness of the claim." *Supermail Cargo*, 68 F.3d at 1206.

C. Prejudice

At hearing, defense counsel suggested equitable tolling should not be applied based on prejudice caused by the delay. *See Menominee Indian Tribe of Wisc. v. United States*, 136 S. Ct. 750, 757 n.5 (2016) (explaining "prejudice is a factor to be considered in determining whether the doctrine of equitable tolling should apply.") (citation and quotations omitted).

Based on the record before the court, defendant has not shown prejudice. Specifically, defense counsel argues delay prohibited defendant from properly investigating the claimed water damage, and that plaintiffs' sale of their home seven months before filing this suit further precluded defendant's investigation efforts. *See* Req. Jud. Notice, ECF No. 12 (deed of sale dated Aug. 10, 2017). Defense counsel cites no support for the argument, and portions of the record contradict it. For instance, defendant's denial letter, issued four months before plaintiffs sold their home, indicated the investigation into the water damage was complete as of March 3, 2017. Denial Letter at 2-3 ("we have completed our investigation of your homeowner's claim, which revealed continuous or repeated seepage or leakage of water or steam over a period of time"). Furthermore, at hearing plaintiffs' counsel argued that after receiving the independent consultant's report contradicting defendant's basis for coverage denial, *see* Compl. Ex. C, plaintiffs asked defendant to reevaluate the water damage, but defendant refused. Defense counsel did not rebut this contention, which if true, also undermines defendant's position that it was precluded from further investigating the claimed damage.

The court declines to find any prejudice weighs against the application of equitable tolling here. Defendant's request for judicial notice, ECF No. 12, is DENIED as MOOT.

III. CONCLUSION

Because plaintiffs timely filed this lawsuit on March 3, 2018, defendant's motion to dismiss the complaint as time barred is DENIED. Defendant's outstanding motions to strike are DENIED as MOOT and defendant's answer is due within 21 days.

7

IT IS SO ORDERED.

This resolves ECF Nos. 7, 15 and 19.

DATED: August 6, 2018.

_____
UNITED STATES DISTRICT JUDGE