UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL FOSTER and VICTORIA FOSTER,<br><br>Plaintiffs,<br><br>v.<br><br>LIBERTY MUTUAL FIRE INSURANCE COMPANY,<br><br>Defendant. | No. 2:18-cv-00485-KJM-CKD<br><br>ORDER |

Defendant Liberty Mutual Fire Insurance Company has moved for reconsideration of the court's denial of its motion to dismiss. Mot., ECF No. 21-1. After further consideration, defendant's motion is GRANTED. The court's prior order, ECF No. 20, is VACATED, and judgment is entered in defendant's favor.

I. BACKGROUND

A thorough description of the facts of this case is provided in the court's original order on defendant's motion to dismiss, *see* Mot. to Dismiss ("MTD") Order, ECF No. 20; because that description remains accurate, the court only briefly summarizes the facts here. Plaintiffs Daniel and Victoria Foster own rental property in Elk Grove, California, and rent that property to tenants for residential use. Compl., ECF No. 1, ¶¶ 3, 11. On February 17, 2017, the tenants informed plaintiffs the property had sustained water damage "in and around or below

1

[the] hall bathroom and adjoining wall to the front door." *Id.* ¶ 11. On February 20, 2017, plaintiffs filed a damages claim with defendant, their homeowner's insurance provider, and defendant denied the claim on March 3, 2017. *Id.* ¶¶ 12, 13. The denial letter stated that plaintiffs' "policy does not afford coverage for continuous or repeated seepage or leakage of water or steam over a period of time," and also reminded plaintiffs that any lawsuit must be filed "within one year after the date of loss." Denial Letter, Compl. Ex. B, ECF No. 1-2, at 2–3; Policy, Compl. Ex. A, ECF No. 1-1, at 20. After months of communication regarding the legitimacy of defendant's denial of the claim, plaintiffs filed suit in this court on March 5, 2018. *See generally* Compl.

On May 3, 2018, defendant moved to dismiss the complaint, arguing that plaintiffs' suit is time barred under California's one-year contractual limitations period. MTD, ECF No. 7-1, at 3–7. On August 8, 2018, the court denied the motion because, as pertinent here, it determined the three-day period between discovery of the damage and notification to defendant should not be counted against the limitation clock because plaintiffs had complied with the insurance policy's notice directive. MTD Order at 5. On August 21, 2018, defendant moved for reconsideration of the court's order, believing the court erroneously applied California law in reaching its conclusion. *See* Mot. 2–9. Plaintiffs opposed, Opp'n, ECF No. 25-2, and defendant has replied, Reply, ECF No. 27. As explained below, the court resolves the motion in defendant's favor.

II.     LEGAL STANDARD

Under Federal Rule of Civil Procedure 60(b)(6), a party may seek relief from a judgment or order for "any [ ] reason that justifies relief." The Ninth Circuit has stated that Rule 60(b)(6) should be "liberally applied to accomplish justice." *In re Int'l Fibercom, Inc.*, 503 F.3d 933, 941 (9th Cir. 2007) (quotations omitted). At the same time, "[j]udgments are not often set aside under Rule 60(b)(6)." *Latshaw v. Trainer Wortham & Co.*, 452 F.3d 1097, 1103 (9th Cir. 2006). Rather, this section should be applied "sparingly as an equitable remedy to prevent manifest injustice," *Lal v. California*, 610 F.3d 518, 524 (9th Cir. 2010) (quoting *United States v.*

*Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir. 1993)), or to correct a clear error, *Gagan v. Sharar*, 376 F.3d 987, 992 (9th Cir. 2004); *Barcellos & Wolfsen, Inc. v. Westlands Water Dist.*, 849 F. Supp. 717, 728 (E.D. Cal. 1993), *aff'd sub nom. O'Neill v. United States*, 50 F.3d 677 (9th Cir. 1995).

III. DISCUSSION

Defendant moves for reconsideration under Federal Rule of Civil Procedure 60(b)(6) "on the basis of error in the application of California law governing the one-year contractual limitation period." Mot. at 3. The thrust of defendant's argument is that the court erroneously "believed it possessed discretion to disregard the 3-day period that elapsed between the inception of the loss and the date that Plaintiffs reported their claim." *Id.* at 6. Defendant asserts, as it did in its motion to dismiss, the California Supreme Court's decision in *Prudential-LMI Com. Ins. v. Superior Court*, 51 Cal. 3d 674, *as modified* (Dec. 13, 1990), is dispositive because it unequivocally requires the one-year limitation clock begin at the time of reasonable discovery of the damage, and that tolling of that limitation clock may begin only at the point the insured gives notice to the insurer, regardless of whether the insurance policy's notice directives are complied with. *Id.* at 2, 5–9. In short, defendant argues the limitation clock began on February 17, 2017, the date of discovery of the damage, then ran until February 20, 2017, the date plaintiffs notified defendant, and did not start again until March 3, 2017, the date plaintiffs' claim was denied; thus, plaintiffs had until February 28, 2018 to file suit. *Id.* at 2–9. As a result, plaintiffs' filing in this court on March 5, 2018, was outside the limitation period.

Plaintiffs' opposition provides no substantive argument in response to defendant's argument that the court misapplied *Prudential*; rather, plaintiffs claim defendant waived the argument that the three-day period starting February 17, 2017, and straddling a weekend, counts against the clock because defendant listed February 20, 2017, as the date of loss in its declination letter. Thus, plaintiffs persist in their argument that February 20, 2017, is the date that should be used to mark the "inception of the loss," rather than February 17, 2017, as defendant claims, and defendant is estopped from asserting its statute of limitations defense. Opp'n at 1–5.

3

Upon reconsideration, the court concludes that it in fact erred in denying defendant's motion to dismiss by failing to count the three-day period between the proper "inception of the loss" date of February 17, 2017, and the "notice to the insurer" date of February 20, 2017, when calculating the one-year limitation period. While the court rejects defendant's characterization of the court's belief it had "discretion to disregard" the three-day weekend period, *see* Mot. at 2–7, the court acknowledges it misapplied *Prudential's* holding in "determin[ing] how to treat the weekend days between the Friday plaintiffs discovered the water damage and the Monday they filed their insurance claim." MTD Order at 5. Relying on *Prudential*, the court looked to the insurance policy's loss-reporting directive to determine how the three weekend days should be treated. *Id.* (citing *Prudential*, 51 Cal. 3d at 687–89); *see also* Policy at 20. In its original order, the court explained: "If the policy's loss-reporting directives are not followed, the days between when plaintiffs discovered the loss and when they notified defendant should be subtracted from the limitations period." *Id.* (citing *Forman v. Chicago Title Ins. Co.*, 32 Cal. App. 4th 998, 1004 (1995)); *see also* Policy at 20 (directing insured to "give immediate notice to us or our agent" upon discovery of loss). In other words, the court concluded that so long as plaintiffs provided "immediate notice" to defendant, as required by the terms of their policy, then the three-day period between discovery of the loss and notice to defendant is not counted against their one-year limitation period. *Id.* This conclusion, however, contravenes *Prudential's* directive.

As *Prudential* explains, "the one-year suit provision of [California Insurance Code] section 2071 [] run[s] from the date of 'inception of the loss,' . . . but [is] toll[ed] [] from the time an insured gives notice of the damage to his insurer, pursuant to applicable policy notice provisions, until coverage is denied." 51 Cal. 3d at 693. Said differently, the limitations clock starts running upon discovery of the loss and is not paused until the insured provides notice of the loss to the insurer. When providing notice, the insured must follow the policy's loss-reporting directives; if the loss-reporting directives are not followed, the limitations clock continues to run. *See Prieto v. State Farm Fire & Cas. Co.*, 225 Cal. App. 3d 1188, 1196, *reh'g denied and opinion modified* (Dec. 28, 1990) ("[A]n insured who makes a timely claim will thereafter 'ha[ve] a right

4

(so far as the policy limitation is concerned) to sit back and wait until denial of claim' before the statute begins running again. But the statute still will have commenced running, as its terms require, upon inception of the loss (as defined in *Prudential*)." (alterations in original and internal citation omitted)).

Here, as the parties previously agreed, and the court so found, inception of the loss occurred on February 17, 2017. *See* MTD Order at 4 (citing MTD at 5; Opp'n to MTD, ECF No. 9, at 2; Compl. ¶ 11). Thus, "the one-year limitations period was triggered on February 17, 2017." *Id.* The limitations clock, then, was not paused until plaintiffs notified defendant of the loss in accordance with the policy's loss-reporting directives. It is undisputed plaintiffs notified defendant of the loss on February 20, 2017. Compl. ¶ 12; Mot. at 4; Opp'n at 2. The three days prior to notification must then be counted against the one-year limitations period. *Cf. Rains v. Allstate Ins. Co.*, No. CV 17-301 DSF (SSx), 2018 WL 3357482, at *4 n.5 (C.D. Cal. June 7, 2018) (including three-day period between plaintiff's discovery of the damage and notification to the insurer in the one-year limitation calculation under section 2071). The effective notice provided February 20, 2017, paused the clock for eleven days while defendant investigated the claim and provided notice of declination on March 3, 2017. *See* MTD Order at 4; Compl. ¶ 13. The limitations clock began running again the day after declination, thus giving plaintiffs until February 28, 2018, to file suit. *See* Mot. at 5. Plaintiffs' suit filed on March 5, 2018, is untimely under California Insurance Code section 2071.[1]

Tellingly, plaintiffs' opposition focuses not on the soundness of the court's prior analysis but rather asserts a completely new argument, that defendant waived the ability to argue for February 17, 2017, as the inception of loss date by listing February 20, 2017, in the "date of loss" portion of its declination letter; in other words, plaintiffs say, defendant is estopped from advancing a statute of limitations defense. *See* Opp'n 1–5; *see also* Opp'n to MTD (raising no waiver or estoppel argument). As defendant correctly notes, waiver and estoppel are distinct

---

[1] "No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all the requirements of this policy shall have been complied with, and unless commenced within 12 months next after inception of the loss." Cal. Ins. Code § 2071.

doctrines with distinct elements, none of which plaintiffs adequately establish here. *See* Reply at 2–4. "A waiver 'exists whenever an insurer intentionally relinquishes its right to rely on the limitations provision.'" *Ashou v. Liberty Mut. Fire Ins. Co.*, 138 Cal. App. 4th 748, 757 (2006) (quoting *Prudential*, 51 Cal. 3d at 689). Estoppel, on the other hand, "arises when the insurer 'induces the policyholder to forbear from filing suit.'" *Id.* (quoting *Singh v. Allstate Ins. Co.* 63 Cal. App. 4th 135, 145 (1998)). Despite plaintiffs' contentions, listing February 20, 2017, in the "date of loss" portion of the declination letter by itself is insufficient to demonstrate an intentional relinquishment of defendant's "right to rely on the limitations period." *Id.* Indeed, defendant has consistently argued before this court the inception of the loss occurred on February 17, 2017, *see* MTD at 1, 4–6; MTD Reply, ECF No. 11, at 1–4, 7–8; Mot. at 2–5, 7–8; Reply at 1–4, and plaintiffs previously conceded February 17, 2017, was the date the loss was discovered, *see* Compl. ¶ 11 ("tenants reported water intrusion"); Opp'n to MTD at 2 ("Discovered water intrusion to the property"); *see also* MTD Reply at 1 ("Plaintiffs agree that they discovered the water intrusion loss on February 17, 2017"). The circumstances here are a far cry from those in other insurance cases finding waiver. *See, e.g.*, *Genesis Ins. Co. v. Magma Design Automation, Inc.*, 386 F. App'x 728, 730–31 (9th Cir. 2010) ("In the insurance context, where waiver has been found, there is generally some element of misconduct by the insurer or detrimental reliance by the insured." (internal quotations omitted)).

Similarly, plaintiffs fail to show how defendant's act of listing February 20, 2017, under the "date of loss" portion of the declination letter rises to a level of inducement that caused plaintiffs to "refrain" from exercising their right to timely file suit. *See Vu v. Prudential Prop. & Cas. Ins. Co.*, 26 Cal. 4th 1142, 1152 (2001) ("To create an equitable estoppel, it is enough if the party has been induced to *refrain* from using such means or taking such action as lay in his power, by which he might have retrieved his position and saved himself from loss." (alteration in original) (internal quotations omitted)). As defendant notes, after defendant investigated plaintiffs' claim and sent its declination letter on March 3, 2017, plaintiffs still had 362 days to initiate suit. Reply at 4. Plaintiffs fail to show how defendant's actions caused them to "reasonably rel[y] to [their] detriment," such that they were unable, or reasonably believed they

could not, file suit within this lengthy period. *See Vu*, 26 Cal. 4th at 1153. Finding otherwise would run counter to the equitable principles animating the estoppel doctrine. *Cf. Ward v. Allstate Ins. Co.*, 964 F. Supp. 307, 312 (C.D. Cal. 1997) (explaining that once insurer's damage estimate caused insured to forego further damage investigation, insurer "cannot be allowed to lull the [insured] into sleeping on their rights, and then use the limitations period as a sword to cut down their claims"). Therefore, to the extent plaintiffs rely on the doctrine of equitable estoppel, such reliance is without merit.

In sum, the court finds it erred previously when calculating the statutory limitation period, in disregarding the three-day period between when plaintiffs discovered the damage on February 17, 2017, and when they notified defendant of the damage on February 20, 2017. *Prudential* controls this action, *see Aceves v. Allstate Ins. Co.*, 68 F.3d 1160, 1164 (9th Cir. 1995) (holding that *Prudential* is controlling when applying California law). Thus, the court must begin its calculation of the time applied against the limitation period with the "inception of the loss" date and pause that calculation when notice is promptly given to the insurer. *Prudential*, 51 Cal. 3d at 693; *see also Campanelli v. Allstate Life Ins. Co.*, 322 F.3d 1086, 1094 (9th Cir. 2003) ("[I]nception of the loss occurs when the insured should have known that appreciable damage had occurred, not when the homeowner learned the true extent of the damage."). Here, having considered the relevant timeline, including the eleven-day tolling period between February 20, 2017, and March 3, 2017, the deadline for plaintiffs to file their complaint expired on February 28, 2018. Because plaintiffs filed suit on March 5, 2018, their complaint must be dismissed as untimely.

Because plaintiffs' complaint is time barred, further amendment would be futile. *See Metts v. Univ. of Nev.-Reno*, 301 F. Supp. 2d 1247, 1248 (D. Nev. 2004) ("If the Plaintiff's complaint is untimely, then the Court need not grant leave to amend, as amendment would be futile." (citation omitted)).

Defendant's motion for reconsideration is granted, the court's August 8, 2018 order is vacated and defendant's motion to dismiss is granted without leave to amend.

7

IV. CONCLUSION

Defendant's motion for reconsideration, ECF No. 21, is GRANTED. The court's August 8, 2018 order, ECF No. 20, is VACATED, and defendant's prior motion to dismiss, ECF No. 7, is GRANTED without providing plaintiffs leave to amend. The Clerk of Court is directed to enter judgment in defendant's favor and close this case.

IT IS SO ORDERED.

DATED: June 18, 2019.

UNITED STATES DISTRICT JUDGE